**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **LEGACY CONTRACTORS, LLC** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** 4:22-cv-2068 |
| | § | |
| **A&G REAL ESTATE AND** | § | |
| **CONSTRUCTION SERVICES, INC.** | § | |
| **D/B/A SCG WEST** | § | |
| *Defendant* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff, LEGACY CONTRACTORS, LLC (hereinafter "Legacy"), and files its Original Complaint, and would show as follows:

**I.   VENUE AND JURISDICTION**

1.     Legacy is a limited liability company formed and existing under the laws of the State of Texas and with its principal place of business located at 16000 Barkers Point Lane, Suite 155, Houston, Texas 77079.  Legacy is a commercial general contractor who only performs work in and around the Houston area.  Legacy has three members:  (1) August Zachary Walla, a Texas citizen and resident of Fort Bend County, Texas; (2) Robert Travis Walla, a Texas citizen and resident of Harris County, Texas; and (3) James Berry Russ, a Texas citizen and resident of Harris County, Texas.  Therefore, for purposes of diversity jurisdiction under 28 U.S.C. § 1332, Legacy is considered **a Texas citizen**.

2.     SCG is a corporation formed and existing under the laws of the State of California. Its principal place of business is located at 2549 Eastbluff Drive, Suite B-211, Newport Beach, California 92660. According to the California Secretary of State website, SCG may be properly served by and through its agent for service of process: 1505 Corporation 2391, White & Co.

1

*Plaintiff's Original Complaint*

CPAs, 20351 Irvine Avenue, Suite C6, Newport Beach, CA 92660. SCG regularly conducts business in the State of Texas, purposefully availing itself to the laws and benefits of Texas, thus invoking general jurisdiction in this forum. Furthermore, the events or activities giving rise to this lawsuit substantially occurred in Texas, thus invoking, in the alternative, specific jurisdiction in this forum.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332, SCG is considered **a California citizen**.

3.     Legacy seeks a declaration that it is not obligated to honor the certain Non-Circumvent Agreement between SCG and Legacy, as well as reimbursement of all legal costs and actual and consequential damages associated in excess of $75,000.00 as more fully described herein

4.     Legacy seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202.  Legacy also seeks monetary relief pursuant to this Court's jurisdiction under 28 U.S.C. § 1332(a)(2) based on the diversity of the parties and the amount in controversy.

## II.     FACTS

5.     Legacy seeks declaratory relief from a Confidentiality, Non-Compete, and Non-Circumvent Agreement (hereinafter the "Non-Circumvent Agreement") entered into with SCG which (1) was procured by fraudulent inducement, and (2) lacks supporting consideration.  On multiple occasions, SCG has threatened Legacy with litigation and other threats in an attempt to enforce the invalid Non-Circumvent Agreement, and attempts to assert out-of-state California jurisdiction over Legacy, who has zero contacts with SCG's California or interstate commerce. Thus, this suit seeks, in part, to have the Non-Circumvent Agreement declared null and void as to Legacy.

*Plaintiff's Original Complaint*

6.      Second, Legacy asserts tort claims for (1) fraud, and (2) tortious interference with an existing business relationship and seeks money damages within the jurisdictional limits of this Court.

7.      At issue in this lawsuit is the enforceability of the Non-Circumvent Agreement favoring SCG and executed by Legacy on March 14, 2022.  Also at issue are the monetary and nonmonetary damages Legacy suffered and continues to suffer as a result of SCG's unconscionable actions and omissions.

8.      Prior to executing the Non-Circumvent Agreement and on January 31, 2022, Legacy, a Houston-based commercial general contractor, was approached by real estate developer Williamsburg Enterprises with a request that Legacy price the "interior buildout" of a shopping center lease space located in Missouri City, Texas; Williamsburg made this request on behalf of its soon-to-be tenant, Wine Vibes, LLC (hereinafter "Wine Vibes").  On February 16, 2022, Legacy provided this pricing to Williamsburg who then forwarded the pricing to Wine Vibes.

9.      On February 18, 2022, Wine Vibes directly contacted Legacy via email providing city-approved plans and specifications and requesting updated pricing from Legacy.  Thereafter, Legacy and Wine Vibes engaged in multiple direct communications concerning pricing options for the build of the interior lease space.  Meanwhile, upon information and belief not then-known to Legacy, Wine Vibes was in simultaneous discussions with SCG for SCG to perform construction management services on behalf of Wine Vibes.[1]  On February 28, 2022, for the first time, Wine Vibes sent Legacy an email introducing SCG into the picture.

---

[1] "Construction management" occurs when there is an intermediary between a general contractor and the owner/client who is funding the build of a construction project.  Though not required, owners/clients sometimes involve construction management companies to oversee the general contractor on their behalf.

*Plaintiff's Original Complaint*

10.     Of importance, SCG's position is that "as a part of the progressive design-build process, Wine Vibes gained confidential knowledge related to SCG's cost estimates and budgeting, including the costs of various subcontractors, including Legacy."  This is patently incorrect. Legacy was not and has never been a subcontractor of SCG's; rather, Legacy provided *its* proprietary pricing and information directly to Williamsburg and then Wine Vibes before being introduced to SCG in any capacity.  Other than the Non-Circumvent Agreement, there are no, nor have there ever been any, contractual agreements between SCG and Legacy.

11.     In March 2022, the relationship between SCG and Wine Vibes deteriorated, and on March 11, 2022, SCG sent Wine Vibes an email terminating their relationship; neither SCG nor Wine Vibes notified Legacy of this development.  Nonetheless, this did not stop Kyle Gorman, principal of SCG, from sending Legacy an email requesting that Legacy execute the Non-Circumvent Agreement the very same afternoon.  Mr. Gorman represented to Legacy that this was merely a "box-checking" item that needed to be accomplished in order for SCG to draft and send Legacy the construction contract.  Wine Vibes was conspicuously absent from these email threads initiated by SCG.

12.     Over the following four days, SCG and Legacy went back and forth over certain terms in the Non-Circumvent Agreement.  At no time did Mr. Gorman ever disclose the failed relationship between SCG and Wine Vibes, and on March 14, 2022, Legacy executed the Non-Circumvent Agreement absent receipt of any consideration.  It is apparent that SCG obtained Legacy assent to the Non-Circumvent by way of fraud; it was not until April 20, 2022, that Legacy was notified that SCG and Wine Vibes were no longer working together:

**From:** Kyle Gorman <kgorman@scgwest.com>
**Sent:** Wednesday, April 20, 2022 2:46 PM
**To:** Travis Walla <twalla@legacycontractors.com>; Zach Walla <zwalla@legacycontractors.com>
**Cc:** Brandon Lehman <blehman@scgwest.com>
**Subject:** RE: SCGWest Construction Efforts

Travis,

Since SCGWest is no longer involved in the construction efforts, you will be coordinating with Waters Edge Wineries _Corporate Headquarters.

Please contact them at directly for approvals before moving forward.

13.     Thereafter, and at Wine Vibes' behest, Legacy moved forward with their pre-existing direct relationship and executed a construction contract on April 28, 2022.  By natural consequence, SCG would not receive its construction management fee from Wine Vibes.

14.     On multiple occasions, SCG threatened Legacy with litigation and generally sought to prohibit Legacy from pursuing its pre-existing direct relationship with Wine Vibes.  On April 26, 2022, counsel for SCG sent an email to Legacy demanding that Legacy not move forward with the buildout, citing the non-circumvention portion of the Agreement, which reads as follows:

*Plaintiff's Original Complaint*

## II.   NON-CIRCUMVENTION

a.      Party will not in any manner attempt to circumvent or undermine SCG relationship with **Wine Vibes, LLC, a Texas limited liability company, and Waters Edge Wineries Affiliates**. Legacy shall not enter into any direct or indirect negotiations, communications, or transactions with, or solicit or accept any business from or with Wine Vibes, LLC and Waters Edge Wineries Affiliates, without the express prior written consent of SCG. Party expressly agrees and acknowledges that the purpose and intent of this Agreement is to prevent Legacy from circumventing SCG and/or sharing Confidential Information. The non-circumvention and non-solicitation covenants contained herein shall be effective and binding on Party for a period through the later of (i) three (3) years from the Effective Date, and (ii) one (1) year from the termination of any business relationship between SCG and Legacy.

b.      Without limiting the generality of the foregoing, Party hereby agrees not to use or disclose to any third party any names, addresses, telephone numbers, fax numbers, or email addresses of any Introduced Party (whether acquired from SCG, the Introduced Party or a third party, and whether or not publicly available), except in a manner authorized by SCG in connection with the Projects.  The same mirrored provisions shall apply to Party's disclosed Confidential Information.

c.      SCG shall have the same remedies as provided in Section I.h. above with respect to any violation of the non-circumvention covenants contained in this Section II. The same mirrored provisions shall apply to Party's disclosed Confidential Information.

15.    If Legacy were to honor SCG's demand, secured by fraud, then Legacy would be in breach of the Construction Contract with Wine Vibes.

### III.    COUNT ONE – DECLARATORY ACTION UNDER 28 U.S.C. §§ 2201-2202.

16.    Legacy realleges paragraphs 1 – 15 as if fully set forth herein.

17.    An actual, present, justiciable controversy exists between Legacy and SCG in that the parties disagree as to whether the Agreement is enforceable against Legacy to prevent Legacy from moving forward with the buildout.

18.    SCG demands that Legacy cease all construction efforts, effectively demanding that Legacy breach the Construction Contract with Wine Vibes.

19.    Legacy seeks a declaration from this Court that the Agreement is null and void for (1) lack of consideration, and (2) it was procured by fraudulent misrepresentations done by SCG.

6

*Plaintiff's Original Complaint*

## IV.     COUNT TWO – FRAUD

20.     Legacy realleges paragraphs 1 – 19 and incorporates them as if fully set forth herein.

21.     SCG represented, through both actions and omissions, that it had an existing business relationship with Wine Vibes between March 11, 2022 and March 14, 2022, when, in fact, such relationship had terminated – a fact which was known to SCG.

22.     This was a false and material misrepresentation, which SCG knew was false at the time it was made to Legacy.  SCG knew that Legacy was ignorant of the fact that SCG and Wine Vibes' relationship was terminated when SCG presented the Non-Circumvent Agreement to Legacy. Nonetheless, SCG intended Legacy to rely on SCG's misrepresentation, which Legacy did to its financial detriment.  Legacy has suffered both monetary and nonmonetary damages, loss of good will, and loss of business reputation as a result of SCG's misrepresentations, both actual and by omission.

## V.     COUNT THREE – TORTIOUS INTERFERENCE WITH AN EXISTING BUSINESS RELATIONSHIP

23.     Legacy realleges paragraphs 1 – 22 and incorporates them as if fully set forth herein.

24.     Legacy and Wine Vibes had a pre-existing business relationship.

25.     SCG's conduct as more fully described above was both tortious and unlawful.  SCG's actions directly sought to and did interfere with Legacy's pre-existing business relationship with Wine Vibes.  This interference proximately caused actual damages and losses to Legacy in the form of both monetary and nonmonetary damages.  Legacy has suffered both monetary and nonmonetary damages, loss of good will, and loss of business reputation as a result of SCG's misrepresentations, both actual and by omission.

7

## VI.    COUNT FOUR – ATTORNEYS' FEES

26.    Legacy realleges paragraphs 1 – 25 and incorporates them as if fully set forth herein.

27.    Legacy is entitled to recover its attorneys' fees and costs both under the Declaratory

Judgment Act, as well as the express provisions of the Non-Circumvent Agreement:

for performance. In the event of any dispute arising in any manner with respect to this Agreement, the prevailing party shall be entitled to recover its reasonable attorney's fees and costs. This Agreement will be governed by and construed in accordance with the laws of Delaware.

## VII.    PRAYER

WHEREFORE, Plaintiff respectfully requests the following relief:

a.    A declaratory judgment that the Confidentiality, Non-Disclosure, and Non-
Circumvent Agreement is null and void;

b.    An award of Plaintiff's actual monetary damages;

c.    An award compensating Plaintiff for its nonmonetary damages;

d.    An award of Plaintiff's reasonable and necessary attorneys' fees;

e.    Court costs;

f.    Pre- and post-judgment interest; and

g.    All such other further and additional relief to which Plaintiff may be entitled.

Respectfully submitted,

Dated this 27th day of June 2022.           **SW LEGAL SERVICE**

*/s/ Shannon S. Walla*
Shannon S. Walla
TX State Bar No. 24081157
28410 Sycamore Falls Lane
Fulshear, Texas 77441
(281) 915-2366
swalla@swlegalservice.com

8

*Plaintiff's Original Complaint*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the forgoing was delivered on this 27th day of June 2022 to all parties to this litigation and their known counsel of record.

*/s/ Shannon S. Walla*_____

*Plaintiff's Original Complaint*